NO. 07-07-0461-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 1, 2009
______________________________

HAROLD LORIMER, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-439,803; HON. CECIL G. PURYEAR, PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Appellant was convicted of aggravated sexual assault. The victim was his seven-year-old cousin. He appeals the conviction, and contends that 1) he was denied due
process and his right to a fair trial since the State failed to release to him exculpatory or
favorable evidence prior to trial, and 2) the trial court abused its discretion in admitting 
evidence of an extraneous offense involving his engaging in sexual intercourse with
another minor. We affirm the judgment. 
          Issues 1 and 2 - Brady v. Maryland Violation
          In his first two issues, appellant asserts that the State failed to disclose exculpatory
evidence. The evidence in question consisted of photographs taken of the victim during
her examination by a nurse. And, because they were exculpatory, their non-disclosure by
the State denied him due process and violated Brady v. Maryland, 373 U.S. 83, 87, 83
S.Ct. 1194, 10 L.Ed.2d 215 (1963). We overrule the issues because they were not
preserved.
          While appellant objected to the admission of the photos at trial, the grounds
underlying his complaint omitted reference to Brady or to the pictures being in any way
exculpatory.


 Nor can one reasonably infer from his comments or their context that Brady
and its requirements were in play. Similarly, nothing was said about appellant’s
constitutional due process rights being implicated because of the State’s alleged action. 
Consequently, these contentions were not preserved for review. Keeter v. State, 175
S.W.3d 756, 760-61 (Tex. Crim. App. 2005) (holding that a Brady claim was waived when
neither the State nor the trial court understood that one was being presented); see also
Clarke v. State, 270 S.W.3d 573, 579 (Tex. Crim. App. 2008) (recognizing that while it is
not necessary that appellant specifically refer to Brady to preserve the complaint, his
objection nonetheless must be sufficiently specific to make the trial court aware of the
complaint). 
 
          Issue 3 - Extraneous Offense
          Appellant’s next complaint concerns the admission of evidence that he lived with
and had sexual relations with a twelve or thirteen-year-old girl when he was seventeen or
eighteen and that she bore him a child. This evidence was offered during appellant’s
cross-examination by the State in the guilt/innocence phase of the trial. According to
appellant, it was inadmissible because a reasonable jury could not conclude, beyond
reasonable doubt, that the conduct was criminal. That is, the evidence purportedly
indicated that the female was fourteen years old at the time and that he was no more than
three years older than her. We overrule this issue as well.
          Though appellant filed a motion in limine encompassing the potential admission of
extraneous crimes or misconduct and the trial court convened a hearing to consider
whether to admit the evidence at issue, appellant uttered no specific objection to the
evidence at the hearing or when it was actually proffered before the jury. This is of import
because a motion in limine, coupled with a ruling thereon, does not necessarily preserve
error. A litigant must still object when the evidence is offered at trial. Roberts v. State, 220
S.W.3d 521, 533 (Tex. Crim. App. 2007), cert. denied, __ U.S. __, 128 S.Ct. 282, 169
L.Ed.2d 206 (2007). Thus, the ground urged on appeal was never raised below, which
means it was waived. 
          Second, even if the complaint was preserved, the record nonetheless contains
evidence that negates appellant’s theory. Indeed, appellant himself testified that he was
five years older than the youth, that he met her when she was either twelve or thirteen, and
that within six months of meeting, they were engaging in sex. From this, a reasonable jury
could conclude, beyond reasonable doubt, that appellant was more than three years older
than the youth and that they began having sex when she was younger than fourteen. 
          Having overruled appellant’s issues, we affirm the judgment. 
 
                                                                           Brian Quinn 
                                                                          Chief Justice 
 
Do not publish.